# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2021

Lyle W. Cayce
Clerk

No. 19-11188
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KHAYREE DEWAYNE DAVIS,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-80-1

---

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

Khayree Dewayne Davis pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court imposed an above-guidelines sentence of 80 months of imprisonment followed by a

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-11188

three-year term of supervised release, pointing to Davis's "tremendous" criminal history.

Davis argues that his 80-month sentence, which is an upward variance from the guidelines range of 57 to 71 months, is substantively unreasonable and greater than necessary to achieve the goals of 18 U.S.C. § 3553(a). He claims that in varying from the guidelines range, the district court overstated the seriousness of his criminal history and disregarded his history of mental illness. We review Davis's preserved challenge to the substantive reasonableness of his sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

The district court varied upward in Davis's case because it considered his criminal history to be understated, noting that "a number of the charges against [him] didn't result in convictions" and thus did not receive criminal history points. "It is well-established that prior criminal conduct not resulting in a conviction may be considered by the sentencing judge." *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Although "it is error for a district court to consider a defendant's 'bare arrest record' at sentencing," *United States v. Johnson*, 648 F.3d 273, 278 (5th Cir. 2011), that is not what happened in Davis's case. The paragraphs of the presentence report that the district court considered included either a detailed description of the police offense report or information from other records "bear[ing] sufficient indicia of reliability," that explained "when, where, and how" Davis engaged in criminal conduct leading to his arrest. *United States v. Fields*, 932 F.3d 316, 320 (5th Cir. 2019). Accordingly, the district court did not err in considering Davis's prior criminal conduct not resulting in a conviction—in addition to his various other criminal convictions and mitigating evidence—in selecting a sentence. *See United States v. Harris*, 702 F.3d 226, 231 (5th Cir. 2012).

No. 19-11188

Though Davis complains that the district court failed to weigh his mental health issues as a mitigating factor at sentencing, the record reflects that the court was fully aware of Davis's mental health background. Although Davis "may disagree with how the district court balanced the § 3553(a) factors, [his] argument that these factors should have been weighed differently is not a sufficient ground for reversal." *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016).

Based on the foregoing, the judgment of the district court is AFFIRMED.